## Case No. 18,110.

### WYLIE v. SMITH et al.

[2 Woods, 673.] [1]

Circuit Court, S. D. Mississippi. May Term, 1875.

BANKRUPTCY PROCEEDINGS—CLAIM FOR RENT.

1. Rent accruing after bankruptcy cannot be brought in question in the bankrupt court.

2. Where rent had accrued before the bankruptcy, and was secured by a lien upon the crop grown on the demised premises, and the bankrupts had collected such rent from their under-tenant, the district court properly entertained jurisdiction of a petition filed by the landlord against the bankrupts and their assignees, for the purpose of following the fund bound for the satisfaction of the rent, in order to prevent the claim for rent from coming against the general estate of the bankrupts.

Petition to review decree of the district court sitting in bankruptcy.

Robert C. Smith and F. B. Pratt, for petitioner.

George L. Potter, contra.

BRADLEY, Circuit Justice. Smith & Brother became bankrupts, March 25, 1871, being decreed such, April 7, 1871. They were lessees of a plantation for the year 1871, from Wylie, at a rent of $500, payable on the 1st of November, secured by a lien on all the crops. The assignee refused to accept the lease, and Smith & Brother remained in possession by their under-tenants from whom they collected $396 rent, which they did not pay to their landlord, [W. G.] Wylie. The rent accruing after bankruptcy, it is conceded, cannot be brought in question in the bankrupt court. The rent which accrued before bankruptcy was a provable debt under the bankruptcy proceedings. The act says expressly (section 5071, Rev. St.; section 19 of the original act [14 Stat. 525]): "Where the bankrupt is liable to pay rent or other debt falling due at fixed and stated periods, the creditor may prove for a propor-

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

tionate part thereof up to the time of bankruptcy, as if the same grew due from day to day, and not at such fixed and stated periods." Being so provable, the debt was discharged pro tanto. Section 5119, Rev. St., or section 34 of the original act. Hence the landlord could not maintain an action therefor. And being secured by a lien on the crops, he could not prove the debt in bankruptcy without surrendering his lien. As this lien secured not only the rent in question, but the rent for the balance of the year, a surrender of it would involve complications and expense desirable to avoid, if possible. Besides, the crops belong to the under-tenants, and they have paid to Smith & Brother, $396, and have an equity against the latter, to be relieved from the lien to that extent. Under these circumstances, Wylie filed a petition in the bankrupt court against Smith & Brother and their assignee [William Breck], praying that they might severally be decreed to pay him whatever they had severally received on account of said rents, and that the assignee might be decreed to make up the deficiency of the rent out of the general estate, and for general relief. As before observed, the bankrupt court has nothing to do with rent which accrued after the bankruptcy. For that which accrued before, which is a provable debt and secured by lien as aforesaid, it seems proper that the court should entertain jurisdiction for the purpose of following the fund bound for the satisfaction of the debt, in order to prevent its coming against the general estate of the bankrupts. To this extent the district court has made a decree against Smith & Brother, who possessed themselves of this fund pending proceedings in bankruptcy, by collections from their under-tenants. I think the decree was right and should be affirmed.

The amount of rent accrued prior to the bankruptcy should be slightly modified, and made up to the 25th of March, instead of the 7th of April; in other words, to the commencement of proceedings in bankruptcy instead of the decree. The general rule, as established in section 5067 (or section 19 of the original act), is that "all debts due and payable from the bankrupt at the time of the commencement of proceedings in bankruptcy * * * may be proved against the estate of the bankrupt." The commencement of proceedings in this case was the 25th of March. The defendants also supposed that the lease commenced on the 30th of January; but this is incorrect, for though dated on that day, the term leased is the whole year 1871. The number of days, therefore, for which rent is to be allowed is 84; and the amount is $115.07, instead of $134.40, as allowed in the decree of the district court. The decree, therefore, will be corrected accordingly, allowing interest from the 1st of November, 1871. The reference to a master for the purpose of taking an account of setoffs claimed by the

defendants is correct. The decree is affirmed in all things, except as to the amount thereof, which is reduced from $134.40 to $115.07, with interest from the 1st of November, 1871, and subject to all just·setoffs of Smith & Brother against the petitioner, not more properly applicable to the rent which fell due after the bankruptcy.